UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Patricia Davis,             Case No. 19-cv-0097 (SRN/DTS)

    Plaintiff,

v.            **REPORT AND RECOMMENDATION**

Quality Inn, Somerset Hospitality LLC,
Salman Rivzi, Sabeena Rivzi, and
Natalia Borendenko,

    Defendants.

This matter comes before the Court on Plaintiff Patricia Davis's (1) Complaint, Docket No. 1, and (2) Application to Proceed in District Court Without Prepaying Fees or Costs, Docket No. 2 (Pro Se Application). For the following reasons, the Court recommends (1) dismissing this action without prejudice for lack of jurisdiction, and (2) denying the Pro Se Application as moot. Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." After reviewing the Complaint, the Court finds that it lacks subject-matter jurisdiction over this action.

The thrust of the Complaint concerns a slip-and-fall accident that Davis experienced in a Quality Inn parking lot; the Defendants appear to be Quality Inn itself, the corporate owner of the specific Quality Inn location where Davis was injured, and various individuals associated with that location. Compl. 1–2, 5.[1] The Complaint asserts

---

[1] Because the Complaint is not consecutively paginated, references to the Complaint are to the page numbers generated by the Court's ECF filing system.

that this court has federal-question jurisdiction over this matter, but the only stated basis for such jurisdiction is 28 U.S.C. § 1331. *Id.* at 3. Section 1331 merely provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"; under this statute, "[a] plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 681–85 (1946)); *see also, e.g.*, *Dettle v. Treasure Island Resort & Casino*, No. 17-CV-2327 (SRN/TNL), 2019 WL 259652, at *2 (D. Minn. Jan. 18, 2019) (quoting *Arbaugh*). Section 1331 thus does not support a standalone assertion of jurisdiction; instead, it explains what *other* sort of claim a plaintiff must make to support a claim of § 1331 jurisdiction. Reviewing the Complaint's allegations, the Court concludes that—even interpreting the pleading liberally, given Davis's pro se status, *see Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))—the Complaint does not plead a colorable claim arising under federal law. It may present a viable state-law claim for negligence or another cause of action; but federal-question jurisdiction does not apply to state-law negligence claims, and the Court sees no other ground here for asserting such jurisdiction.[2]

---

[2] Davis does not assert that diversity jurisdiction under 28 U.S.C. § 1332 exists here, but even if she did, the Court would disagree. Under § 1332, diversity jurisdiction exists only where there is complete diversity between the parties—that is, the plaintiff cannot share a state of citizenship with any defendant. *See* 28 U.S.C. § 1332(a) (establishing diversity-jurisdiction requirements); *4Brava, LLC v. Sachs*, No. 15-CV-2744 (JRT/DTS), 2018 WL 2254569, at *3 (D. Minn. May 17, 2018) ("Section 1332(a) requires complete diversity of citizenship among litigants to satisfy diversity jurisdiction in federal court. Complete diversity occurs when no defendant and plaintiff have citizenship in the same state.") (citing *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). Complete

As this Court lacks subject-matter jurisdiction over this action, the Court recommends that this action be dismissed without prejudice. Accordingly, the Court also recommends that the Pro Se Application be denied as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. This action be DISMISSED without prejudice for lack of jurisdiction.

2. Plaintiff's request to proceed in this action pro se (Docket No. 2) be DENIED as moot.

Dated: February 6, 2019

s/David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

---

diversity does not exist here: Davis appears to be a Minnesota citizen, Compl. 1, and several Defendants are Minnesota citizens as well, *id.* at 2.

3